1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| A & M PETROLEUM, INC., a California corporation; JEREMY'S INVESTMENTS, LLC, a California limited liability company dba J'S MARKET; and ARKAN HAMANA, an individual, | CASE NO. 13cv2903-GPC(DHB) |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM** |
| vs. | [Dkt. No. 33.] |
| MARKEL INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 50, inclusive, | |
| Defendant. | |

19
20
21
22
23

        Before the Court is Defendant's motion for leave to file a counterclaim.  (Dkt. No. 33.)  Plaintiffs filed an opposition on May 15, 2015.  (Dkt. No. 40.)  Defendant filed a reply on May 22, 2015.  (Dkt. No. 41.)  Based on the reasoning below, the Court GRANTS Defendant's motion for leave to file a counterclaim.

### Background

24
25
26
27
28

        On December 5, 2013, a complaint was filed against Defendant.  (Dkt. No. 1.)  On March 31, 2014, Plaintiffs A&M Petroleum, Inc. d/b/a J's Market, and Jeremy's Investments, LLC ("Plaintiffs") filed an amended complaint against Defendant Markel Insurance Company, ("MIC"), alleging breach of contract and breach of the implied covenant of good faith and fair dealing pursuant to a "Commercial Lines Policy" which

1   includes a Commercial Property Coverage Part for property covering a self-service gas

2   station, convenience store and carwash located at 8170 Broadway, Lemon Grove,

3   California.  (Dkt. No. 9.)

4        On April 27, 2015, Defendant filed a motion for leave to file a counterclaim.

5   (Dkt. No. 33.)  Plaintiffs filed an opposition.  (Dkt. No. 40.)  Defendant filed a reply.

6   (Dkt. No. 41.)

7   **Discussion**

8        Defendant seeks leave to file a counterclaim claiming voidance of the policy,

9   breach of contract and declaratory relief.  (Dkt. No. 33-2 at 10, Proposed

10  Counterclaim.)  The standard for a motion for leave to file a counterclaim is the same

11  as those governing a motion for leave to amend a pleading under Rule 15(a).

12  Magnesystems, Inc. v. Nikken, Inc., 933 F. Supp. 944, 947 (C.D. Cal. 1996).

13  **A.    Legal Standard Under Federal Rule of Civil Procedure 15(a)**

14       Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after

15  a responsive pleading may be allowed by leave of the court and such leave "shall be

16  freely given when justice so requires." Fed. R. Civ. P. 15(a).  Granting leave to amend

17  rests in the sound discretion of the trial court.  Int'l Ass'n of Machinists & Aerospace

18  Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).  This discretion

19  must be guided by the strong federal policy favoring the disposition of cases on the

20  merits and permitting amendments with "extreme liberality."  DCD Programs Ltd. v.

21  Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

22       "Five factors are taken into account to assess the propriety of a motion for leave

23  to amend: bad faith, undue delay, prejudice to the opposing party, futility of

24  amendment, and whether the [party] has previously amended [a pleading]." Johnson

25  v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d

26  815, 818 (9th Cir. 2003)).  In practice, however, courts more freely grant plaintiffs

27  leave to amend pleadings in order to add claims than new parties.  Union Pacific R.R.

28  Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

**B.     Bad Faith**

Defendant argues that the counterclaim is not being brought in bad faith such as to protract litigation.  Plaintiffs contend that the motion for leave to file a counterclaim is evidence of bad faith.  They argue that MIC's promise to pay the claim, making a partial payment, forcing the insured to file suit and then engaging in aggressive litigation tactics is continued evidence of bad faith.

There can be bad faith in bringing an amendment if the party seeks to prolong meritless litigation by adding baseless amendments to their complaint or if there is any evidence of wrongful motive.  Jones v. Bates, 127 F.3d 839, 847 n. 8  (9th Cir. 1997); Griggs v. Pace American Group, Inc., 170 F.3d 877, 881 (9th Cir. 1999); DCD Programs. Ltd., 833 F.2d at 187.  A wrongful motive has been found when a party seeks to amend in order to destroy diversity jurisdiction.  Sorosky v. Burroughs Corp., 826 F.2d 794, 805 (9th Cir. 1987).  Here, there has been no showing of wrongful motive in bringing the counterclaim.  While Plaintiffs may believe that filing a counterclaim is a continuation of MIC's bad faith conduct, as discussed below, they have not demonstrated that the counterclaim has been brought to prolong meritless litigation.

**C.     Undue Delay**

Defendant argues that there has been no undue delay because they discovered the facts to support its claims during recent discovery.  Defendant states that it knew in February 2015 about the facts supporting the claims in the counterclaim; however, at that time, MIC sought a stipulation with Plaintiffs' counsel regarding its filing of a counterclaim and it was not until April, after continued discussions, that an agreement was not reached and the motion was then filed with the Court in April 2015.

In opposition, Plaintiffs assert that there has been undue delay because four and a half years have gone by since the alleged theft that caused the loss to Plaintiffs.  They allege that several investigations have been conducted and closed, an EUO has been held, MIC said they would pay Plaintiffs $110,000 but never paid the full amount.

[13CV2903-GPC(DHB) ]

1  Therefore, there has been undue delay.  However, Plaintiffs' argument concerning
2  undue delay is misplaced.

3        As to undue delay, the Court looks at whether the moving party unduly delayed
4  in filing their motion. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1388 (9th Cir. 1990).
5  In making such a determination, the court looks at "whether the moving knew or
6  should have known the facts and theories raised by the amendment in the original
7  pleading." <u>Id.</u>

8        According to Defendant, the facts as to the alleged misrepresentation and
9  concealment of material facts was not learned until discovery revealed these claims.
10  Therefore, Defendant did not know about the facts at the time it filed its answer on
11  June 4, 2014.  Fact discovery is currently still open and set to close on June 5, 2015 and
12  expert discovery is set to close on August 7, 2015.  (<u>See</u> Dkt. No. 29.)  There has been
13  no showing of undue delay.

14  **D.    Prejudice**

15        Defendant contends that there would be no substantial prejudice to Plaintiffs
16  because the counterclaim would not require significant discovery on new matters,
17  change the focus of the case or prolong the litigation.  Plaintiffs argue that they will
18  suffer undue prejudice because they have already had to endure over three years of
19  investigation by MIC.

20        Here, there would be no undue prejudice to Plaintiffs in allowing the
21  counterclaim.  As stated by Defendant, the claims in the counterclaim would not
22  require significant discovery or prolong the case.  Discovery is still open, and the
23  deadline for filing pretrial dispositive motions is not until August 21, 2015.
24  Accordingly, no prejudice has been shown.

25  **E.    Futility of Amendment**

26        Defendant maintains that the amendment is not futile because discovery revealed
27  substantial evidence that Plaintiffs misrepresented and concealed material information
28  during their presentation of their insurance claim to MIC.  Plaintiffs argue that the facts

1  alleged by Defendants are without merit and each fact has been twisted and convoluted
2  in a effort to discredit Plaintiffs and deny liability.

3      "[A] proposed amendment is futile only if no set of facts can be proved under the
4  amendment to the pleadings that would constitute a valid and sufficient claim or
5  defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Courts
6  ordinarily do not consider the validity of a proposed amended pleading in deciding
7  whether to grant leave to amend and defer consideration of challenges to the merits of
8  a proposed amendment until after leave to amend is granted and the amended pleadings
9  are filed.  Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)
10  (citation omitted); accord Green Valley Corp. v. Caldo Oil Co., No. 09cv4028-LHK,
11  2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference
12  against denying a motion for leave to amend based on futility.").   Arguments
13  concerning the sufficiency of the proposed pleadings, even if meritorious, is better left
14  for briefing on a motion to dismiss. Lillis v. Apria Healthcare, No. 12cv52-IEG(KSC),
15  2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

16      Here, both parties raise numerous factual issues, supported by declarations by
17  both attorneys, as to the claims process, that are in dispute.  At this point of the
18  proceedings, it is not the Court's role to determine the validity of these facts.  The
19  Court cannot conclude that no set of facts can be proved on the allegations in the
20  counterclaim, and therefore, granting Defendant leave to file a counterclaim would be
21  not be futile.

22      As to the last factor, Defendant has not previously sought leave to file a
23  counterclaim.  Based on the five factors that support the filing of the counterclaim, and
24  in light of the Ninth Circuit's extremely liberal policy favoring leave to amend, the
25  Court GRANTS Defendant's motion for leave to file a counterclaim.

### Conclusion

27      Based on the above, the Court GRANTS Defendant's motion for leave to file a
28  counterclaim.  Defendant shall file the proposed counterclaim within three (3) days of

1   the filing of this order. The hearing set for June 5, 2015 shall be **vacated.**

2        IT IS SO ORDERED.

3

4   DATED:  June 1, 2015

5

6                                    HON. GONZALO P. CURIEL
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[13CV2903-GPC(DHB) ]